UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
UNITED STATES OF AMERICA          :
                                  :   CRIMINAL NO.
             v.                   :
                                  :
                                  :   (Judge          )
                                  :
R.S. DUFFY, INC.                  :
NATIONAL A-1 ADVERTISING, INC.    :
```

## PLEA AGREEMENT

The following plea agreement is entered into by and between the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendants. Any reference to the United States or to the Government in this Agreement shall mean the Office of the United States Attorney for the Middle District of Pennsylvania.

The defendants and counsel for both parties agree that the United States Sentencing Commission Guidelines which took effect on November 1, 1987, as amended and interpreted by United States v. Booker, 125 S. Ct. 738 (2005), will apply to the offense or offenses to which the defendants are pleading guilty.

1.   Waiver of Indictment/Plea of Guilty.  The defendants each agree to waive indictment by a grand jury and plead guilty to a felony information which will be filed against the defendants by the United States Attorney for the Middle District

1

of Pennsylvania.   That information will charge the defendants

with a violation of Title 18, United States Code, Section

1956(h), conspiracy to commit money laundering.   The maximum

penalty for that offense is a fine of not more than $500,000 or

twice the value of the property involved in the money laundering

transactions pursuant to 18 U.S.C. 1956(a)(1), a maximum term of

probation of five years pursuant to 18 U.S.C. 3561(c)(1),

forfeiture of proceeds of the crime, property involved in or

facilitating the crime, and property traceable to the crime

pursuant to 18 U.S.C. 982, the costs of prosecution, denial of

certain federal benefits, as well as an assessment in the amount

of $400 for each defendant pursuant to 18 U.S.C. 3013(a)(2)(B).

At the time the guilty pleas are entered, the defendants shall

admit to the Court that the defendants are, in fact, guilty of

the offense charged in the information.   The defendants further

agree that any legal and factual issues relating to the

application of the Federal Sentencing Guidelines to the

defendants' conduct, including facts that support any specific

offense characteristic or other enhancement or adjustment and the

appropriate sentence within the statutory maximums provided for

by law, will be determined by the court after briefing, or a pre-

sentence hearing, or at a sentencing hearing.   The defendants

agree, however, that the United States may at its sole election

reinstate any dismissed counts or seek additional charges in the

event that the charge(s) to which the defendants have pleaded guilty pursuant to this agreement are subsequently vacated, set aside, or invalidated by the district court or a ruling of an appellate court.  The defendants further agree to waive any defenses to reinstatement of these charges or additional charges based upon, laches, the assertion of speedy trial rights, any applicable statute of limitations or any other ground.

2.  The guilty pleas will be entered on behalf of each of the defendants by the president of each defendant, or by other authorized representatives of the defendants.  At the time the guilty pleas are entered, the presidents, or other authorized representatives, will provide the Court with duly executed resolutions, or other proof, that the Boards of Directors of the defendants have authorized the presidents or other authorized representatives to sign this agreement on their behalf and to enter the guilty pleas.

3. Factual Admissions.  The defendants hereby admit that the following facts establish that they are guilty of the offense charged in the information:

3.1. The Defendant, R.S. DUFFY, INC. ("DUFFY") is a Delaware corporation with its principal place of business located at 106 South 7th Street, Philadelphia, Pennsylvania.

3.2. Defendant NATIONAL A-1 ADVERTISING, INC. ("NATIONAL") is a Delaware corporation with its principal place

3

of business located at 106 South 7th Street, Philadelphia, Pennsylvania.

3.3. From 2007 through the date of this Information, DUFFY operated an Internet website called "Escorts.com" where escorts were able to post paid or free advertisements and where members of the public could view those advertisements and post sexually-explicit reviews of the escorts through sexually-explicit drop-down menus offered by DUFFY. Some of the escort advertisers offered unlawful prostitution services.

3.4. DUFFY received subscription fees from subscribers and advertising payments from escorts in the form of money orders, checks and credit cards.

3.5. As a result of its operation of Escorts.com, DUFFY received the proceeds of "specified unlawful activities" as defined in 18 U.S.C. § 1952, specifically prostitution, in the form of advertisement fees paid by some escorts who were prostitutes and subscription fees from some subscribers who paid for sexual services from prostitutes with whom contact was established through the Escorts.com, in violation of 18 U.S.C. § 1957(a).

3.6. To operate Escorts.com, DUFFY maintained accounts at various financial institutions and financial service providers which affect interstate commerce.

3.7. DUFFY used these financial accounts to engage in monetary transactions involving the proceeds derived from the specified unlawful activities in violation of Title 18 U.S.C. § 1957(a).

3.8. DUFFY transferred proceeds of the aforesaid unlawful activity to NATIONAL.

3.9. NATIONAL used the proceeds of the unlawful activity to facilitate the operation of Escorts.com and DUFFY.

3.10. From in or around January 2007 and continuing through the date of the Information, in Lycoming and Centre Counties, within the Middle District of Pennsylvania, and elsewhere, DUFFY and NATIONAL knowingly agreed with each other, and with others known and unknown, to knowingly engage in monetary transactions in criminally derived property having a value greater than $10,000, specifically monies and funds derived from interstate prostitution activities.

4.   Fine.  The defendants understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984.  The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this plea agreement.  Further, the defendants acknowledge that willful failure to pay the fine may subject the defendants to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

5.   Special Assessment.   The defendants understand that the
Court will impose a special assessment of $400 on each of them,
for a total of $800, pursuant to the provisions of Title 18,
United States Code, Section 3013.   No later than the date of
sentencing, the defendants or their counsel shall mail check(s)
in payment of the special assessments directly to the Clerk,
United States District Court Middle District of Pennsylvania.
These check(s) should be made payable to "Clerk, United States
District Court". Counsel for the defendants shall provide a copy
of the special assessment check(s) or Clerk's receipts to the
United States Attorney's Office for the Middle District of
Pennsylvania at the time of sentencing certifying compliance with
this provision of the plea agreement. If the defendants
intentionally fail to make this payment, pay with an insufficient
funds check(s), or otherwise fail to comply with any of the
requirements of the United States Attorney's Office's Financial
Litigation Unit regarding the special assessment, it is
understood that this failure may be treated as a breach of this
plea agreement and may result in further prosecution or the
filing of additional criminal charges, or a contempt citation.

6.   Collection of Financial Obligations. In order to
facilitate the collection of financial obligations to be imposed
in connection with this case, defendants agree fully to disclose
all assets in which defendants have an interest or over which

6

defendants have control, directly or indirectly, including those held by its officers and employees, nominee, or other third party. The defendants agree, as a part of this agreement, to submit to interviews by the United States Attorney's Office's Financial Litigation Unit regarding the defendants' financial status and will promptly submit a completed financial statement to the United States Attorney's Office as directed. Defendants agree that the financial statement shall be complete, accurate, and truthful in all material aspects. As part of this process, the defendants, whether represented by counsel or not, consent to contact by and communication with the Financial Litigation Unit, and regarding representation by undersigned counsel, the defendants and counsel consent to contact by and communication with the Financial Litigation Unit and agree to waive any prohibition against communication with a represented party by the United States Attorney's Office regarding defendants' financial status. Further, the defendants authorize the United States Attorney's Office to obtain the defendants' credit reports in order to evaluate the defendants' ability to satisfy any financial obligations imposed by the Court. Additionally, pursuant to Title 18, United States Code, Section 3664 (d)(3) the defendants also agree to complete the required financial affidavit, fully describing in all material aspects the defendants' financial resources within 10 days of the guilty

plea.  The defendants will submit the original affidavit, on
forms prescribed by the probation office, to the U.S. Probation
Office with a copy to the United States Attorney's Office.

      7.  No Further Prosecution, Except Tax Charges.  Except as
otherwise provided herein, the United States agrees that it will
not bring any other criminal charges against the defendants,
which (A) fall within the scope of the criminal investigation in
the Middle District of Pennsylvania of money laundering,
obscenity, and prostitution violations relating to the operation
of Escorts.com, Hotmovies.com, R.S. Duffy, Inc., National A-1
Internet, Inc., National A-1 Advertising, Inc., Primetel
Communications, Inc., and Newco Services, Inc. from 2003 through
the date that this plea agreement is executed by the defendants;
or (B) was known to the United States Attorney's office for the
Middle District of Pennsylvania as of the date of the execution
of this plea agreement, and which related to the operation of
Escorts.com, Hotmovies.com, R.S. Duffy, Inc., National A-1
Internet, Inc., National A-1 Advertising, Inc., Primetel
Communications, Inc., and Newco Services, Inc.  The non-
prosecution provisions of this paragraph are binding on the
United States Attorney for the Middle District of Pennsylvania,
the United States Attorneys' Offices for each of the other 93
judicial districts of the United States, and the Criminal
Division of the United States Department of Justice.  However,

nothing in this agreement will limit prosecution of the
defendants for criminal tax charges, if any, arising out of those
offenses.  This agreement does not bind any state and local
prosecutive authorities, the Tax Division of the Department of
Justice or the Internal Revenue Service of the Department of the
Treasury.  In addition, this agreement is not intended to, and
does not, affect the criminal liability of any individual, and
the United States expressly reserves the right to prosecute any
individual, including but not limited to the officers, directors,
shareholders, and/or employees of the defendants or related
entities identified in this paragraph for any criminal violations
in connection with the conduct encompassed by this agreement,
within the scope of the criminal and grand jury investigation, or
known to the United States.

     8.    Rule 11(c)(1)(C) Binding Agreement.  Pursuant to Rule
11(c)(1)(C) of the Federal Rules of Criminal Procedure, the
United States and the defendants stipulate and agree that the
following sentence is a reasonable sentence under the facts and
circumstances of this case:

     8.1  The defendants shall each serve a probation term
of 18 months to be supervised, and subject to modification, by
the court, subject to the following conditions:

     8.1.1  The defendants shall not commit any state,
federal, or other crime;

8.1.2 The defendants shall pay a joint fine totaling $1,500,000 on or before the date of sentencing; and

8.1.3 The defendants shall each pay a separate special assessment in the amount of $400, totaling $800 for both defendants, on or before the date of sentencing.

8.1.4 The defendants shall forfeit to the United States the assets set forth in the Forfeiture Allegation in the Information, specifically the domain name *Escorts.com* and the sum of $4,900,000.00 in cash.

The parties agree that this is reasonable sentence under the facts and circumstances of this case.

If at sentencing the court fails to accept the stipulations of the parties, or imposes a sentence different from that agreed to by the parties, then either the defendants or the United States has the right to withdraw from this agreement and any guilty plea entered pursuant to this agreement. Should either of the defendants withdraw from this agreement and withdraw their guilty pleas under this provision, the government will be free to file any charges which could have been brought against the defendants at the time of the guilty pleas, and the defendants agree to waive any defense based upon laches, speedy trial rights, the statute of limitations, or other similar grounds.

9. Joint Plea Agreements. The defendants agree and understand that an express condition of this plea agreement is

that both co-defendants waive indictment, plead guilty to the
information charging conspiracy to commit money laundering, and
agree to the same terms as this plea agreement.  Failure of
either co-defendant to plead guilty to that information on those
terms will be grounds for the United States to rescind the plea
agreement and proceed to trial against both defendants on charges
returned by indictment of a Grand Jury.  In addition, the
defendants agree that the United States may at its sole election
reinstate any dismissed counts or bring additional charges in the
event that the charges to which either of the co-defendants has
pleaded guilty are subsequently vacated or set aside by the
district court or any appellate court.  The defendants further
agree to waive any defenses to the reinstatement or filing of
those charges based upon laches, the assertion of speedy trial
rights, any applicable statute of limitations or any other
grounds in the event that one or both of the co-defendants
successfully vacates or sets aside any conviction imposed upon
the information.

　　　10.  Criminal Forfeiture.  The defendants, through counsel,
represent that they are desirous of ending all pending criminal
matters in the Middle District of Pennsylvania, and elsewhere,
and to avoid needless litigation and the expense concomitant
therewith agree to settle the criminal matters arising out of the
conspiracy to conduct financial transactions involving specified

unlawful activities and monetary transactions involving criminal
derived property identified in Count One of the Information.
Defendants further agree to the following:

10.1   Forfeiture of the cash sum of $4.9 million and
the domain name, *Escorts.com;*

10.2   The immediate entry of the preliminary order of
forfeiture;

10.3   Waiver of their right to the personal service of
all process and further names undersigned defense counsel as
their agents for service of all process;

10.4   Waiver of their right to appear and contest any
portion of the forfeiture proceedings, including but not limited
to, any motion or proceeding for substitute assets;

10.5   That no other person or entity has an equitable
or legal interest in the property, real or personal, subject to
forfeiture pursuant to this agreement;

10.6   To sign any and all documents necessary to
effectuate the forfeiture and costs associated therewith;

10.7   To waive any double jeopardy challenges the
defendants may have to any administrative or civil forfeiture
actions arising out of the course of conduct that provides the
basis for these charges.  The defendants further agree to waive
any double jeopardy challenges the defendants may have to these

charges based upon any pending or completed administrative or civil forfeiture actions.

11.  No Further Forfeiture. As the result of the forfeitures set forth above, the United States agrees not to seek forfeiture of any other asset known to the United States which belongs to the defendants.  This Agreement does not bind the Internal Revenue Service from the collection of taxes or the seizure of assets to satisfy those taxes.

12.  Forfeiture of Interests/Passage of Clear Title/Destruction Order.  By this Agreement, the defendants agree to forfeit all interests in the properties listed in the Forfeiture Allegation of the Information and to take whatever steps are necessary to pass clear title to the United States. These steps include but are not limited to surrender of title, the signing of a consent decree, a stipulation of facts regarding the transfer and basis for the forfeitures and signing any other documents necessary to effectuate such transfers.  The defendants further agree that upon entry of the final order of forfeiture following acceptance of the plea agreement by the Court, the United States will release any funds to the defendants seized and/or restrained that are not subject to forfeiture under the terms of this agreement.  The defendants further agree that upon completion of the probation term and full compliance with the

terms of this agreement the United States will return any evidence seized during the investigation of the defendants.

13. Background Information for Probation Office. The defendants also understand that the United States will provide to the United States Probation Office all information in its possession which the United States deems relevant regarding the defendants' background, character, cooperation, if any, and involvement in this or other offenses.

14. Objections to Pre-Sentence Report. The defendants understand that pursuant to the United States District Court for the Middle District of Pennsylvania "Policy for Guideline Sentencing" both the United States and the defendants must communicate to the probation officer within fourteen (14) days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, sentencing guideline ranges and policy statements contained on or omitted from the report. The defendants agree to meet through counsel with the United States at least five (5) days prior to sentencing in a good faith attempt to resolve any substantive differences. If any issues remain unresolved, they shall be communicated to the probation officer for his inclusion on an addendum to the pre-sentence report. The defendants agree that unresolved substantive objections will be decided by the court after briefing, or a pre-sentence hearing, or at the sentencing

14

hearing where the standard of proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the court may consider any reliable evidence, including hearsay. Objections by the defendants to the pre-sentence report or the Court's rulings, will not be grounds for withdrawal of a plea of guilty.

15. Victims' Rights. The defendants understand that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and the regulations promulgated under those Acts by the Attorney General of the United States, crime victims have the following rights:

15.1 The right to be reasonably protected from the accused.

15.2 The right to reasonable, accurate, and timely notice of any public court proceeding or any parole proceeding, involving the crime or of any release or escape of the accused.

15.3 The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding.

15.4 The right to be reasonably heard at any public proceeding in the district court involving release, plea,

sentencing, or any parole proceeding.  The defendants understand that the victim's comments and recommendations at any of these proceedings may be different than those of the parties to this agreement.

15.5  The reasonable right to confer with the attorney for the Government in the case.  The defendants understands that the victim's opinions and recommendations given to the attorney for the Government may be different than those presented by the United States as a consequence of this agreement.

15.6  The right to full and timely restitution as provided for by law.  The attorney for the Government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly prolong or complicate the sentencing proceeding," and the Court is authorized to order restitution by the defendants including, but not limited to, restitution for property loss, economic loss, personal injury, or death.

15.7  The right to proceedings free from unreasonable delay.

15.8  The right to be treated with fairness and with respect for the victim's dignity and privacy.

15.9  The parties agree that restitution is not an issue in this case.

16.   Relevant Sentencing Information.  At the sentencing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to the defendants' background, character and conduct including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendants' cooperation, if any. The United States will be entitled to bring to the Court's attention and the Court will be entitled to consider any failure by the defendants to fulfill any obligation under this agreement.

17.   Breach of Agreement.  In the event the United States believes the defendants have failed to fulfill any obligations under this agreement, then the United States shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations.  Whether or not the defendants have completely fulfilled all of the obligations under this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by the defendants shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence.  In order to establish any breach by the defendants, the United States is entitled to rely on statements and evidence given by the defendants during the cooperation phase of this agreement.

17

18.   Remedies for Breach.  The defendants and the United
States agree that in the event the Court concludes that one or
both of the defendants have breached the agreement and subject to
paragraph 18 above:

18.1  The defendants will not be permitted to withdraw
any guilty pleas tendered under this agreement and agree not to
petition for withdrawal of any guilty plea;

18.2  The United States will be free to make any
recommendations to the Court regarding sentencing in this case;

18.3  Any evidence or statements made by the defendants
during the cooperation phase will be admissible at any trials or
sentencings;

18.4  The United States will be free to bring any other
charges it has against the defendants, including any charges
originally brought against the defendants or which may have been
under investigation at the time of the plea. The defendants waive
and hereby agree not to raise any defense to the reinstatement of
these charges based upon collateral estoppel, Double Jeopardy or
other similar grounds.

19.  No Civil Claims or Suits.   The defendants agree not to
pursue or initiate any civil claims or suits against the United
States of America, its agencies or employees, whether or not
presently known to the defendants, arising out of the
investigation, prosecution or cooperation covered by this

agreement, including but not limited to any claims for attorneys' fees and other litigation expenses arising out of the investigation and prosecution of this matter.  By the defendants' guilty pleas in this matter the defendants further acknowledge that the government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

20.  <u>Transfer of Case to IRS</u>.  The defendants agree to interpose no objection to the United States transferring evidence or providing information concerning the defendants and/or this offense to the Internal Revenue Service for any purpose, and further agree to interpose no objection to the transfer of evidence by the United States to other state and federal agencies or other organizations, law enforcement agencies and licensing and regulatory agencies in connection with any matter, investigation, and/or prosecution of individuals and entities including the defendants, their officers, shareholders, and employees.

21.  <u>Collection Action by IRS</u>.  Nothing in this agreement shall limit the Internal Revenue Service in its collection of any taxes, interest or penalties due from the defendants arising out of or related in any way to the offenses identified in this agreement.

22.  <u>Rule 6(e) Order for Transfer of Information to IRS</u>.
The defendants agree to interpose no objections to the entry of
an order under Fed.R.Crim.P. 6(e) authorizing transfer to the
Examination Division of the Internal Revenue Service of the
defendants's documents, or documents of third persons, in
possession of the Grand Jury, the United States Attorney or the
Criminal Investigation Division of the Internal Revenue Service.

23.  <u>Non-Limitation on Government's Response</u>.  Nothing in
this agreement shall restrict or limit the nature or content of
the United States's motions or responses to any motions or
appeals filed on behalf of the defendants. Nor does this
agreement in any way restrict the government in responding to any
request by the court for briefing, argument or presentation of
evidence regarding the application of the Sentencing Guidelines
to the defendants' conduct, including but not limited to,
requests for information concerning possible sentencing
departures.

24.  <u>Violation of Law While Plea or Sentence Pending</u>.  The
defendants understand that it is a condition of this plea
agreement that the defendants refrain from any further violations
of state, local or federal law while awaiting plea and sentencing
under this agreement. The defendants acknowledge and agree that
if the government receives information that the defendants have
committed new crimes while awaiting plea and /or sentencing in

this case, the government may petition the Court and, if the
Court finds by a preponderance of the evidence that the
defendants have committed any other criminal offense while
awaiting plea or sentencing, the Government shall be free at its
sole election to either: A) withdraw from this agreement, or B)
make any sentencing recommendations to the Court that it deems
appropriate. The defendants further understand and agree that, if
the Court finds that the defendants have committed any other
offense while awaiting plea or sentencing,  the defendants will
not be permitted to withdraw any guilty pleas tendered pursuant
to this plea agreement, and the government will be permitted to
bring any additional charges which it may have against the
defendants.

    25.  Plea Agreement Serves Ends of Justice. The United
States is entering into this Plea Agreement with the defendants
because this disposition of the matter fairly and adequately
addresses the gravity of the series of offenses from which the
charges are drawn, as well as the defendants' roles in such
offenses, thereby serving the ends of justice.

    26.  Merger of All Prior Negotiations.  This document states
the complete and only Plea Agreement between the United States
Attorney for the Middle District of Pennsylvania and the
defendants in this case, supersedes all prior understandings, if
any, whether written or oral, and cannot be modified other than

in writing that is signed by all parties or on the record in Court.  No other promises or inducements have been or will be made to the defendants in connection with this case, nor have any predictions or threats been made in connection with this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure the defendants certify that the defendants' pleas are knowing and voluntary, and are not the result of force or threats or promises apart from those promises set forth in this written plea agreement.

27.  Deadline for Acceptance of Plea Agreement. The original of this agreement must be signed by the defendants' officers or other authorized representatives and defense counsel and received by the United States Attorney's Office on or before 10:00 a.m., October 12, 2011 otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

28.  Required Signatures.  None of the terms of this agreement shall be binding on the United States of America until signed by an appropriate officer, or other authorized representative, of the defendants and defense counsel and until

signed by the United States Attorney for the Middle District of

Pennsylvania, or his authorized assistant.

## ACKNOWLEDGMENTS

I am the defendants' counsel and authorized representative
as indicated below. I have carefully reviewed every part of this
agreement with the officers, shareholders, and directors of my
client.  To my knowledge, my client's decision to enter into this
agreement is an informed and voluntary one.  I have been
authorized by the Board of Directors of the respective defendant
to sign this agreement on behalf of the defendant.

_10/12/11_____

Date

_____

JOSEPH P. GRIMES, ESQUIRE,
Authorized Representative for
Defendant
R.S. DUFFY, INC.


_10/12/11_____

Date

_____

ANDREW L. MILLER, ESQUIRE,
Authorized Representative for
Defendant
NATIONAL A-1 ADVERTISING, INC.



PETER J. SMITH
UNITED STATES ATTORNEY

_10 -30-2011_____

Date

By:  _____

GEORGE J. ROCKTASHEL
Assistant United States Attorney

GJR;2008R00067;04/07/2011

23